**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| FRANKLIN A. TORRES, | : | **Hon. Katharine S. Hayden** |
| Petitioner, | : | |
| | : | Civil No. 06-3094 (KSH) |
| v. | : | |
| | : | |
| UNITED STATES, | : | **OPINION** |
| Respondent. | : | |

**APPEARANCES:**

> FRANKLIN A. TORRES, #137919C
> Northern State Prison
> P.O. Box 2300
> Newark, New Jersey 07114-2300
> Petitioner Pro Se

**Hayden**, District Judge

Petitioner Franklin A. Torres, who is currently confined at Northern State Prison, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. For the reasons set forth below, the Court dismisses the Petition without prejudice.

## I. BACKGROUND

Petitioner is in the custody of the State of New Jersey serving a six-year New Jersey sentence for distribution of a controlled substance. He asserts that New Jersey officials arrested him on November 25, 2003, and on the same date, the United States government lodged a detainer against him for federal charges. Petitioner states that he began serving his New Jersey sentence on June 10, 2004. He alleges that, on May 23, 2005, Petitioner pled guilty in this Court

to one count of illegal reentry of deported person. He asserts that on September 9, 2005, this Court imposed a 60-month sentence to run concurrently with the state sentence he is presently serving.

The Petition raises one ground: "DEFENDANT SHOULD RECEIVE CREDIT FOR TIME SPENT IN CUSTODY BEFORE SENTENCE." (Pet. ¶10.A., Ground One.) In support of Ground One, Petitioner states, in relevant part:

> Upon defendant Federal Sentence of 60 months being Ordered to run concurrent with his state prison sentence defendant should have been given credit on his federal sentence with time spent in custody before being sentenced to the federal term of imprisonment. In that the federal charges and the detainer prevented defendant from achieving release on bail for his state charges. Defendant asserts he should be given credit toward his federal term from the time of his arrest to assure his federal term is truly concurrent and not partially consecutive.
>
> Defendant states the court should conduct an evidentiary hearing to correct the disparity in his concurrent sentence.

(Pet. Ground One Continued.)

According to this Court's docket, on October 5, 2004, the United States filed a criminal Complaint against Petitioner. See United States v. Torres, Crim. No. 05-0405 (KSH) (D.N.J. filed May 23, 2005). On May 20, 2005, the government filed an information and on the same date Petitioner waived indictment and filed a plea agreement. In an Amended Judgment filed September 27, 2005, this Court sentenced Petitioner to a 60-month term of imprisonment "to run concurrent with the State sentence defendant is serving. Consistent with this, the Court intends that defendant shall commence his Federal sentence while in State Prison custody, as of

September 9, 2005. The defendant shall remain in custody pending service of sentence." <u>Id.</u>

amended judgment (filed Sept. 27, 2005).

## II. DISCUSSION

A.  Standard of Review

      "Federal courts are authorized to dismiss summarily any habeas petition that appears

legally insufficient on its face." <u>McFarland v. Scott</u>, 512 U.S. 849, 856 (1994); <u>United States v.</u>

<u>Thomas</u>, 221 F.3d 430, 437 (3d Cir. 2000); <u>Siers v. Ryan</u>, 773 F.2d 37, 45 (3d Cir. 1985), <u>cert.</u>

<u>denied</u>, 490 U.S. 1025 (1989).  Habeas Rule 4 requires the Court to examine a petition prior to

ordering an answer and to summarily dismiss the petition "[i]f it plainly appears from the petition

and any attached exhibits that the petitioner is not entitled to relief in the district court." 28

U.S.C. § 2254 Rule 4 (amended Dec. 1, 2004), applicable through Rule 1(b).

B.  Subject Matter Jurisdiction

      Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless
> – . . . He is in custody in violation of the Constitution or laws or
> treaties of the United States.

28 U.S.C. § 2241(c)(3).

      It is not clear from the Petition whether Petitioner challenges the sentence itself or the

calculation of the sentence by the federal Bureau of Prisons ("BOP").  To the extent that

Petitioner challenges the sentence itself, such a challenge is not cognizable under 28 U.S.C. §

2241.  A challenge to a federal conviction or sentence must be brought under 28 U.S.C. § 2255

within one year of the date on which the judgment of conviction becomes final.  <u>See</u> 28 U.S.C. §

2255; <u>Davis v. United States</u>, 417 U.S. 333 (1974); <u>Okereke v. United States</u>, 307 F.3d 117, 120

(3d Cir. 2002).  Moreover, because a second or successive § 2255 motion may not be brought without the approval of the United States Court of Appeals, which may grant approval only under extremely limited circumstances, a petitioner must include all available grounds for challenging the federal sentence in his first (and only) § 2255 motion.

Petitioner may not challenge his federal sentence in this § 2241 Petition because § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective" to test the legality of the petitioner's detention.  See 28 U.S.C. § 2255, ¶ 5; see Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); Millan-Diaz v. Parker, 444 F.2d 95 (3d Cir. 1971); Application of Galante, 437 F.2d 1164 (3d Cir. 1971) (per curiam); United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954).  And a § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim."  Cradle, 290 F.3d at 538.  Accordingly, to the extent that Petitioner seeks to challenge the sentence itself, the challenge is not cognizable in this § 2241 Petition and Petitioner must bring such a challenge in a motion to vacate the sentence under 28 U.S.C. § 2255.

To the extent that Petitioner challenges not the sentence itself, but the calculation or execution of the sentence by the BOP, § 2241 is the appropriate vehicle for his claim.  See Rios v. Wiley, 201 F.3d 257, 270-71 (3d Cir. 2000) (where prisoner asserts that BOP failed to effectuate sentence, habeas remedy is appropriate); Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir.

1976) (challenging erroneous computation of release date); Soyka v. Alldredge, 481 F.2d 303 (3d

Cir. 1973) (claim for credit for time served prior to federal sentencing).

Nevertheless, "[t]he exercise of judicial power under Art. III of the Constitution depends

on the existence of a case or controversy," and "a federal court [lacks] the power to render

advisory opinions." U.S. Nat'l Bank of Oregon v. Independent Ins. Agents of America, Inc., 508

U.S. 439, 445 (1993 ) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)); see also Flast v.

Cohen, 392 U.S. 83, 97 (1968).  As the Supreme Court explained in Aetna Life Ins. Co. of

Hartford, Conn. v. Haworth, 300 U.S. 227, 240-241 (1937):

> A justiciable controversy is thus distinguished from a difference or
> dispute of a hypothetical or abstract character; from one that is
> academic or moot.  United States v. Alaska S.S. Co., 253 U.S. 113,
> 116, 40 S.Ct. 448, 449, 64 L.Ed. 808. The controversy must be
> definite and concrete, touching the legal relations of parties having
> adverse legal interests.  South Spring Gold Co. v. Amador Gold
> Co., 145 U.S. 300, 301, 12 S.Ct. 921, 36 L.Ed. 712; Fairchild v.
> Hughes, 258 U.S. 126, 129, 42 S.Ct. 274, 275, 66 L.Ed. 499;
> Massachusetts v. Mellon, 262 U.S. 447, 487, 488, 43 S.Ct. 597,
> 601, 67 L.Ed. 1078.  It must be a real and substantial controversy
> admitting of specific relief through a decree of a conclusive
> character, as distinguished from an opinion advising what the law
> would be upon a hypothetical state of facts.

Here, on the facts asserted in the Petition, there is no case or controversy concerning the

calculation of Petitioner's federal sentence by the BOP.  Petitioner expresses his belief that he

should be given credit against his federal sentence for time he spent in state custody prior to

imposition of the sentence because "the federal charges and the detainer prevented defendant

from achieving release on bail for his state charges." (Pet. Ground One.)  The BOP has authority

under 18  U.S.C. § 3585(b) to give a defendant credit toward the service of a term of

imprisonment for time he has spent in official detention prior to the date the sentence commences

where the time "has not been credited against another sentence." See 18 U.S.C. § 3585(b).  In addition, the BOP has limited authority to count custody time prior to commencement of the sentence that was also credited to a state sentence under the rulings of Willis v. United States, 438 F.2d 923 (5th Cir. 1971) and Barden v. Keohane, 921 F.2d 476 (3d Cir. 1991).[1]  But Petitioner does not assert in his Petition that the BOP has denied the credit he seeks.

A federal sentence does not commence until "the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served," 18 U.S.C. § 3585(a).  Under normal circumstances, the BOP does not determine whether to give a prisoner credit until the sentence commences and the prisoner is actually taken into federal custody.

The face of the Petition does not show that the BOP has made a determination denying Petitioner the credit he believes he is entitled to receive.  Under these circumstances, there is no case or controversy to be heard, and any opinion this Court were to render would be merely advisory.  The Court will therefore dismiss the Petition because there is no case or controversy and a federal court may not render advice.  See U.S. Nat'l Bank of Oregon, 508 U.S. at 445; Preiser v. Newkirk, 422 U.S. at 401.  The dismissal is without prejudice to the filing of a new § 2241 petition if and when the BOP actually denies Petitioner the credit which he believes he is entitled to receive.

---

[1] In Willis, the Fifth Circuit held that if petitioner "was denied release on bail [by the state] because the federal detainer was lodged against him, then that was time spent in custody in connection with the (federal) offense." Willis v. United States, 438 F.2d at 925 (citation and internal quotation marks omitted).  In Barden, the Third Circuit granted Barden a writ of habeas corpus because the BOP mistakenly failed to recognize its power to designate a state facility nunc pro tunc as a place of federal confinement where the inmate could gain credit against his federal sentence for the time which the state ordered to run concurrently with the federal sentence.

6

### III.  CONCLUSION

Based on the foregoing, Court will dismiss the Petition without prejudice

KATHARINE S. HAYDEN, U.S.D.J.

Dated: _____, 2006

7